UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | No. 3:04-0270 |
| $164,705.00 IN UNITED STATES ) | Judge Trauger/Brown |
| CURRENCY, et al., ) | |
| ) | |
| Defendants ) | |
| ) | |
| KENNETH LAMONT CRUTCHER, ) | |
| ) | |
| Claimant ) | |

**O R D E R**

A telephone conference call was held with the parties in this matter on February 22, 2011. The parties have exchanged additional information. Claimant has sought to secure information from Mr. Hernandez and one additional witness. The Plaintiff's counsel has agreed to send the interrogatories that Claimant sent to Plaintiff's counsel to Mr. Hernandez to see if Mr. Hernandez will voluntarily answer them. Such a procedure would greatly simplify the situation. However, if Mr. Hernandez is unwilling to do it, Claimant may request that a subpoena under Federal Rule of Civil Procedure 45 be issued for a telephone deposition of Mr. Hernandez.

There appeared to be considerable confusion over another witness whom the Plaintiff has under the first name of Ulysses, whereas Claimant thought was the first name of Louise. Claimant is of the opinion that one of these individuals does not exist. The Plaintiff apparently does not intend to use the witness, whatever

name the witness goes by. To the extent that Claimant has sent interrogatories for this individual, the Plaintiff is requested to forward to the individual to see if that individual will voluntarily answer them. At the present time the Magistrate Judge is not in a position to know whether there is any relevance to this witness or whether the witness exists or will be used.

An appropriate order for the transfer of Mr. Crutcher to the custody of the United States Marshal for the final pretrial hearing will be issued at a later date.

The following procedure will be used for the final evidentiary hearing.

**I. GENERAL COURT RULES AND PROCEDURES**

Any filing made with the Court must comply with Rule 5 of the Federal Rules of Civil Procedure, which requires that a copy of any filing made with the Court be sent to the opposing party or their counsel and that the filing contain a certification stating that a copy has been sent, to whom, at what address, and on what date. Any filing which does not comply with this requirement will be returned and/or stricken from the record.

Each party is responsible for making and obtaining copies of any documents or filings they send to the Court. It is not the Court's responsibility to provide free copies of any documents to the parties. If a party desires to obtain a copy of a document in the official court file, the party should contact the Clerk's

Office, with the docket entry number of the document if possible, about obtaining copies. The cost of copying is .50¢ per page.

Each party is required to keep both the Court and the opposing party or their counsel informed of their current address. Failure to keep the Court informed of a current address may result in a recommendation that the action be dismissed for failure to prosecute and for failure to comply with the Court's order.

## II. PRETRIAL DEADLINES

### Discovery

All discovery shall be completed by **March 25, 2011**. By this, the Court means that all written discovery should be served far enough before the discovery completion date, *i.e.* at least **30 days** prior to the discovery completion deadline, so that responses or objections to any written discovery can be made prior to the completion deadline. For example, serving written discovery upon an opposing party a few days prior to the discovery completion deadline does not comply with this scheduling order and may result in discovery being denied to the requesting party.

Any party seeking to serve written discovery upon another party which would result in responses being served after the discovery completion deadline must obtain leave of the Court to serve untimely discovery requests.

Written discovery should be sent to the opposing party and should not be filed with the Court, nor should a copy of the

written discovery be sent to the Court unless it is sent as an attachment to a discovery motion.  A Court order is not required for a party to engage in discovery and discovery in an action is not stayed upon the filing of any motion unless specifically ordered by the Court.

## Discovery Motions

All discovery motions must be filed by **March 18, 2011**. All discovery motions must comply with the applicable requirements contained in Rule 37 of the Federal Rules of Civil Procedure, Rule 9 of the Local Rules of Court, or any other relevant Federal Rules of Civil Procedure.

No discovery dispute-related motions shall be filed without first contacting the Magistrate Judge's office and scheduling a telephone conference with the Magistrate Judge to discuss the dispute.

## Dispositive Motions

All dispositive motions to dismiss and for summary judgment shall be filed by **April 11, 2011**.  Claimant is forewarned that dispositive motions must be responded to within **28 days** thereafter, and replies, if any, limited to **five pages**, will be due **14 days** after any response unless an extension is granted by the Court, and that failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in the

4

matter as true and granting the relief requested.  In responding, Claimant may not just rely on his complaint.  Claimant must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence.  Claimant should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

If dispositive motions are filed earlier, the response and reply dates for that motion shall be moved up accordingly.

### Other Motions

Any other motions (other than *in limine* or related to trial matters) must be filed by **April 11, 2011**.

### Evidentiary Hearing

A **jury trial** has **not** been requested in this action. Accordingly, a final, dispositive, nonjury evidentiary hearing will commence on **Tuesday, October 25, 2011, at 9:00 a.m. Courtroom 783, United States Courthouse, 801 Broadway, Nashville, TN**.  This hearing will be on the merits of Claimant's factual allegations, after which the Magistrate Judge will make a Report and Recommendation to the District Judge regarding entry of a final judgment in this case.

The Magistrate Judge will conduct a final pretrial conference in this matter on **October 13, 2011, at 1:00 p.m., Courtroom 783**.  Each party shall submit a prehearing conference

5

order **one week prior** to the conference, which shall succinctly state the issues and contentions of the parties.

Claimant is hereby advised that, while he will be able to testify in his own behalf at said hearing, he also has the right to call other witnesses to support his case.

If Claimant wants any witnesses to testify at the hearing, the Claimant is hereby **ORDERED** to inform the Court at least **30 days** prior to the hearing date what witnesses other than himself, if any, he desires to call at the hearing. Claimant shall specify each witness by name, address or place of employment or both, and state what the anticipated testimony of each witness will be. Claimant is advised that subpoenas will issue only as to those potential witnesses who are alleged to advance his claim for relief. The calling of frivolous witnesses, especially other incarcerated inmates, will not be tolerated, and if it is determined at the hearing that Claimant misled the Court as to a witnesses' expected testimony, the costs of producing said witness may be placed on Claimant.

Claimant is warned that his failure to comply with this Order will result in the denial of any request to produce witnesses made on the date of the hearing.

An Order to Produce the Claimant for the hearing, as well as subpoenas for the witnesses Claimant has requested, will be entered at the appropriate time.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge