IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-270 |
| ) | Judge Trauger |
| $164,705.00 UNITED STATES CURRENCY, ) | |
| $19,000.00 UNITED STATES CURRENCY, ) | |
| and $4,300.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| KENNETH LAMONT CRUTCHER, ) | |
| ) | |
| Claimant. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the Magistrate Judge's September 28, 2011 Report and Recommendation ("R&R") (Docket No. 184), which recommended that the motions for summary judgment filed by both the plaintiff, United States of America (Docket No. 151), and the claimant, Kenneth Lamont Crutcher (Docket No. 157), proceeding *pro se*, be denied. The claimant has filed objections to the R&R (Docket No. 194), to which the plaintiff has replied (Docket No. 206).

The claimant, who is presently incarcerated, filed his Motion for Summary Judgment on July 15, 2011. (Docket No. 157.) In his motion, the claimant specifically argued that: (1) the Government's seizure of $164,705 in United States currency from his vehicle violated his right to privacy under the Fourth Amendment; (2) the Government's Complaint failed to establish the

1

minimum pleading requirements for a civil forfeiture; (3) there was no evidence establishing a substantial connection between the defendant currency and the claimant's unlawful drug transactions; and (4) that principles of collateral estoppel, issue preclusion, and double jeopardy prevented the Government from bringing a civil forfeiture action. (*See* Docket No. 157.)

In the R&R, Magistrate Judge Brown concluded that the $164,705 seized from the claimant's vehicle should not be suppressed for purposes of the present action. (Docket No. 184, at 14.) He also found that the Government's Complaint met the more stringent pleading requirements associated with civil forfeiture proceedings. (*Id.*) As to the claimant's contentions regarding the lack of a substantial connection, Judge Brown found that there was a genuine issue of material fact regarding whether there was a nexus between the defendant currency and the claimant's criminal conduct. (*Id.* at 14-15.) Finally, Judge Brown rejected the claimant's estoppel contention because that argument was considered and rejected by a prior order of this court. (*Id.* at 15.) On October 14, 2011, the claimant filed his specific objections to the R&R. (Docket No. 194.)

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a party specifically objects. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Accordingly, this court will review the Magistrate Judge's analysis of the claimant's motion *de novo*.

The claimant makes three specific objections to Judge Brown's R&R. First, the claimant asserts that Judge Brown erred in concluding that the $164,705 seized from the claimant's vehicle

2

should not be suppressed. (Docket No. 194, at 2-3.) The claimant next objects to Judge Brown's failure to consider his 1998 and 1999 bank statements. (*Id*. at 3.) Finally, the claimant objects to Judge Brown's failure to address the alleged false trial testimony of Miguel Hernandez, a co-defendant in the claimant's criminal action. (Id. at 4.) The claimant's remaining objection appears to be a general objection to the R&R.[1]

The court finds that the claimant's first objection is without merit. In his motion for summary judgment, the claimant argues that the Government's seizure of $164,705 from his

---

[1] In particular, the claimant asserts that, "to the extent that the magistrate's report relies upon Kenneth Crutcher's criminal conviction to support the recommendation, it is in error." (Docket No. 194, at 2.) The claimant makes the same assertion with respect to the criminal convictions of co-defendants Andrez Miranda, Miguel Hernandez, and Ulysses Espinosa. (*Id.*) Even if this were a specific objection to the R&R, the court finds that it is without merit. The crux of the claimant's objection appears to be that the Magistrate Judge is precluded from relying upon any of the above convictions for any collateral estoppel purpose in the forfeiture proceeding. However, this court previously recognized in this proceeding that "[a] criminal conviction may have a preclusive effect in a subsequent civil proceeding between the government and the defendant." (*See* Docket No. 77, at 9) (quoting *United States v. 477 Firearms*, No. 09-cv-10463, 2010 WL 1981023, at *3 (E.D. Mich. May 18, 2010) (internal quotations omitted)). The court added that such a conviction "does not always prevent claimants from contesting forfeiture proceedings, because 'only issues that were essential to the verdict are regarded as determined by the prior criminal judgment.'" (*Id*.) (quoting *477 Firearms*, 2010 WL 1981023, at *3). Thus, this court refused to give collateral estoppel effect to the claimant's prior criminal conviction to establish a substantial connection between the defendant currency and his criminal conduct, because the jury had not decided whether the defendant currency was tied to his illegal drug activities. (*See id.*, at 10-11.) Yet, the court also noted that collateral estoppel effect could be given to the prior conviction to prove the fact of the conviction. (*See id*., at 10.) Here, in denying the claimant's Motion for Summary Judgment, the Magistrate Judge determined that there were genuine issues of material fact regarding whether there was a substantial connection that were best left for resolution at trial. (Docket No. 184, at 14-15.) In doing so, the Magistrate Judge necessarily declined to give any collateral estoppel effect to the claimant's prior conviction to establish a substantial connection. Even if the Magistrate Judge gave collateral estoppel effect to the claimant's conviction to establish the fact of that conviction, he was not precluded from doing so.

3

vehicle after his arrest on October 27, 2003 was barred in light of the Supreme Court's recent decision in *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 1723, 173 L.Ed.2d 485 (2009) (holding that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense or arrest"). (Docket No. 157, at 13.) After this decision, the Sixth Circuit analyzed the retroactive effect of *Gant* and held, in *United States v. Buford*, that "exclusion is not the appropriate remedy when an officer reasonably relies on a United States Court of Appeals' well-settled precedent prior to a change of that law." *Buford*, 632 F.3d 264, 276 (2011). In his R&R, Judge Brown, relying on *Buford*, stated that, "regardless of the validity of the search [of the claimant's vehicle] under *Gant*, the Magistrate Judge believes the search was conducted in good faith in reliance on established Sixth Circuit precedent, as found by Judge Echols,[2] and the $164,705 should not be suppressed in this civil forfeiture action." (Docket No. 184, at 14.) The court agrees with the conclusion reached by Judge Brown.

Nonetheless, the claimant also argues that, even before *Gant*, the search of his vehicle was prohibited by law. (Docket No. 194, at 2-3.) The court disagrees. The October 27, 2003 search and seizure of the claimant's vehicle was authorized under well-settled controlling precedent existing in this circuit at the time. *See*, *e.g., New York v. Belton*, 453 U.S. 454, 460 (1981)

---

[2] In a memorandum decision on September 30, 2004, following a suppression hearing in the claimant's criminal case, Judge Echols found that the search of the claimant's vehicle was lawful under *Thornton v. United States*, 541 U.S. 615 (2004) and *New York v. Belton*, 453 U.S. 454 (1981). (Docket No. 152, Ex.1, at 31.) Accordingly, Judge Echols denied the claimant's motion to suppress the defendant currency seized from his vehicle. (*Id.*)

(holding "that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile"); *United States v. White*, 871 F.2d 41, 44 (6th Cir. 1989) (noting that Court of Appeals' "consistent reading of *Belton* ha[d] been that, once a police officer has effected a valid arrest, that officer can search the area that is *or was* within the arrestee's control"); *United States v. Patterson*, 993 F.2d 121, 122-23 (6th Cir. 1993) (noting that in *White*, Court of Appeals held that police officer may search a vehicle incident to lawful arrest "even after the arrestee was handcuffed and placed in the backseat of a police cruiser").

The claimant next objects to Judge Brown's failure to consider his 1998 and 1999 bank statements in the R&R. (Docket No. 194, at 3.) However, the claimant did not cite to these bank statements in his Motion for Summary Judgment and his accompanying affidavit. Therefore, Judge Brown was not required to review the statements. *See* Fed. R. Civ. P. 56(c)(3) (noting that, on a motion for summary judgment, "[t]he court need consider only the cited materials" offered in support of the motion). In any event, the claimant appears to argue that his 1998 and 1999 bank statements show that there was no substantial connection between the defendant currency and the claimant's illegal activities. But, as Judge Brown found in denying the claimant's summary judgment motion, the issue of whether there was a substantial connection is a disputed issue of material fact best left for resolution at trial. (Docket No. 184, at 14-15.) The court agrees with this conclusion. Accordingly, this objection is without merit.

Finally, the claimant objects to Judge Brown's failure to address the alleged false trial testimony of Miguel Hernandez in the R&R. (Docket No. 194, at 4.) The claimant appears to

5

assert that this allegedly false testimony bears on the issue of whether there is a substantial connection between the defendant currency and the claimant's illegal activities. Yet again, in denying the claimant's summary judgment motion, Judge Brown determined in the R&R that this was a disputed issue of material fact. (Docket No. 184, at 14-15.) Because the court agrees with Judge Brown's conclusion, it finds that this objection is also without merit.

In light of the foregoing, the Magistrate Judge's September 28, 2011 Report and Recommendation that the claimant's Motion for Summary Judgment be denied (Docket No. 184) is **ACCEPTED**.

The plaintiff filed no objections to the Magistrate Judge's Report and Recommendation denying its Motion for Summary Judgment. The court has reviewed the Report and Recommendation and the file in connection with the plaintiff's motion. The Magistrate Judge's Report and Recommendation that the plaintiff's Motion for Summary Judgment be denied (Docket No. 184) is also hereby **ACCEPTED**. This case is referred back to the Magistrate Judge for further proceedings consistent with the referral Order.

It is so ordered.

Enter this 3rd day of November 2011.

ALETA A. TRAUGER
United States District Judge