IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| $164,705.00 UNITED STATES CURRENCY, ) | |
| $19,000.00 UNITED STATES CURRENCY, ) | Case No. 3:04-cv-00270 |
| and $4,300.00 UNITED STATES CURRENCY, ) | Judge Trauger/Brown |
| ) | |
| Defendants. ) | |
| ) | |
| KENNETH LAMONT CRUTCHER, ) | |
| ) | |
| Claimant. ) | |

To: The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

On February 21, 2012, the undersigned issued a Report and Recommendation after a two-day hearing on this matter. (Docket Entry 245). After Claimant filed objections to the Report and Recommendation, the District Judge recommitted the case to the Magistrate Judge for the limited purpose of rehearing and recording Agent Smitherman's testimony for the record. (Docket Entries 270, 271, 272).[1] This hearing was held on August 29, 2012. (Docket Entry 306). For the reasons set forth below and in the previous Report and Recommendation (Docket Entry 245), the

---

[1] Judge Trauger's Order (Docket Entry 271) allowed the Magistrate Judge to "reopen any other parts of the hearing or have additional witnesses testify." The undersigned declined to reopen any part of the hearing other than Agent Smitherman's testimony. (Docket Entry 272).

1

Magistrate Judge **RECOMMENDS** the $164,705.00 and $19,000.00 be **forfeited** to the United States of America and the $4,300.00 be returned to Claimant.

I. BACKGROUND AND SMITHERMAN TESTIMONY[2]

The long history of this case was documented in the previous Report and Recommendation. (Docket Entry 245). Due to the failure of two recording systems, Agent Smitherman's testimony was not recorded, and Judge Trauger rejected the undersigned's previous Report and Recommendation on that basis. At the rehearing on August 29, 2012, Agent Smitherman testified, and Claimant cross-examined her. The transcript ("Tr.") of the August 29 hearing is at Docket Entry 315.

Agent Smitherman is employed as a special agent in the Tennessee Bureau of Investigation. (Tr. 23). She was employed as a special agent on October 27, 2003. *Id*. She was involved with a joint investigation with DEA and other state agents, and her job on that particular day was to be present at the office to help with interviewing targets in a cocaine trafficking case. (Tr. 23-24). She met Claimant on October 27, 2003, when he agreed to an interview in the context of the investigation. (Tr. 25). She took notes on the interview, which are Exhibit 5 in the record. (Tr. 27).

Agent Smitherman did not have a specific recollection regarding the contents of her notes. (Tr. 29). She testified primarily from her notes that recorded the interview. *Id*. The four (4) pages of notes in Exhibit 5 contain three (3) pages of notes from Claimant's interview and one page from an unknown interview. (Tr. 32).

---

[2] Claimant moved at the hearing to strike Agent Smitherman's testimony and her notes. After the Magistrate Judge granted his motion, Claimant then rescinded his motion. (Tr. 109-12).

DEA Agents Marty Roberts and Matt Bradford also attended the interview. (Tr. 29). At the interview, Agent Smitherman noted Claimant stated Miguel Hernandez fronted him three to five kilos of cocaine at a time for a price of $21,000, and Claimant sold it for $23,000. (Tr. 39). The price for a kilo of cocaine ranged from $20,000 to $21,500. (Tr. 40).

On cross-examination, Agent Smitherman testified that she did not have anything specific regarding the $164,000 amount in her notes. (Tr. 63). Her notes reflected that Claimant had money to deliver to Califas Auto, Chio, and José. *Id*. There was some inconsistency between Agent Smitherman's notes and the DEA-6 forms completed by Agent Roberts regarding where Claimant was to deliver the money. (Tr. 64, Exhibit R). Agent Smitherman gave her notes to the DEA agents to help them write their report. (Tr. 67). She believed Agent Roberts's report was consistent with her notes. (Tr. 69-70).

Claimant testified that he never had dealings with Luis Espinoza and the Defendant Property should not be subject to forfeiture. (Tr. 121). In his closing, he argued that Espinoza's testimony was necessary to prove that the Defendant Property was subject to forfeiture.

## II. ANALYSIS

As discussed in the prior Report and Recommendation (Docket Entry 245), Plaintiff is required to show pursuant to 18 U.S.C. § 983(c)(3) that the Defendant currency was used "to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense." Therefore, the Government must "establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3). The Government must also prove that the property is subject to forfeiture by a preponderance of the evidence. 18 U.S.C.

3

§ 983(c)(1). This means that the Government must show that it is more likely than not that there was a substantial connection between the defendant currency and the criminal violation.

Agent Smitherman's testimony did not change the undersigned's conclusions regarding the relationship of the Defendant currency to Claimant's criminal convictions. While there were some inconsistencies in Agent Smitherman's testimony and that of other witnesses, the Magistrate Judge does not believe these were material. Moreover, Agent Smitherman apparently had little to no involvement on Claimant's criminal case other than one interview approximately eight (8) years ago. It is to be expected that her recollections are unclear, even using her handwritten notes.

Claimant's testimony also does not impact the Magistrate Judge's conclusions and recommendation. Luis Espinoza need not testify for the Government to prove by a preponderance of the evidence that the Defendant Property is subject to forfeiture. Claimant was convicted of the criminal conspiracy, and the Defendant Property was proven to be a part of that conspiracy.

### III. CONCLUSION

For the reasons stated above and in the previous Report and Recommendation, the undersigned **RECOMMENDS** the $164,705.00 and $19,000.00 be **forfeited** to the United States of America and the $4,300.00 be returned to Claimant.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this

Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 7th day of December, 2012.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge