IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 3:04-0270 |
| ) | Judge Trauger |
| $164,705.00 IN UNITED STATES CURRENCY, ) | |
| $19,000.00 IN UNITED STATES CURRENCY, ) | |
| and $4,300.00 IN UNITED STATES CURRENCY, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| KENNETH LAMONT CRUTCHER, ) | |
| ) | |
| Claimant. ) | |

**MEMORANDUM and ORDER**

On December 7, 2012, the Magistrate Judge issued a Report and Recommendation (Docket No. 329), to which the *pro se* claimant, Kenneth Lamont Crutcher, has filed Objections (Docket No. 344), to which the plaintiff has responded (Docket No. 354). Because this Report and Recommendation relates to a dispositive matter, pursuant to 72(b); FED. R. CIV. P., and 28 U.S.C. § 636(b)(1)(C); this court must review *de novo* any portion of the Report and Recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

This forfeiture proceeding has a tortuous history, which this court will not repeat but which is set out in great detail in the various opinions issued by the Magistrate Judge and this court over the course of the last three years (Docket Nos. 77, 184, 245, 329).

1

Crutcher's objections primarily reiterate the arguments he has maintained throughout this proceeding, disagreeing with the Magistrate Judge's view of the evidence and his conclusions as to the credibility of the various witnesses and Crutcher.  The Magistrate Judge held a two-day evidentiary hearing and was in the best position to judge the credibility of the witnesses and of Crutcher.  The Magistrate Judge concluded that, upon his arrest on October 27, 2003, Crutcher had in his car $164,705 in cash drug proceeds that, he admitted to officers, he was on his way to deliver to a co-conspirator.  The cash was bundled and wrapped with rubber bands and sorted by denomination, as is typical of drug proceeds.  Several officers/agents testified to these facts, and the Magistrate Judge found their testimony credible.  The Magistrate Judge also found that the $19,000 found in the drawer of a chest at the defendant's residence, which likewise was bundled and wrapped with rubber bands and sorted by denominations, was also drug proceeds subject to forfeiture.  He found that the additional $4,300 found at Crutcher's residence under a couch in the master bedroom was not drug proceeds, based upon testimony that Crutcher often kept amounts of cash of this sort stashed around his house.

On March 1, 2005, Crutcher was convicted by jury trial of a conspiracy to distribute marijuana and cocaine that ended on October 27, 2003 and several other drug-related and weapons offenses.  *See* Criminal Case No. 3:03-cr-00205.  The Magistrate Judge found that the plaintiff/government had established, by a preponderance of the evidence, that the two bundles of currency (in the amounts of $164,705 and $19,000) were used to commit or facilitate the commission of a drug offense and that there was a substantial connection between that property and the drug offenses of which Crutcher was convicted.  18 U.S.C. § 983(c)(1)(3).  Crutcher's objections do not convince the court that the Magistrate Judge's conclusions and

2

Case 3:04-cv-00270   Document 358   Filed 06/14/13   Page 2 of 3 PageID #: 2835

recommendations are in error and they are, therefore, **OVERRULED**.  The Report and Recommendation (Docket No. 329) is **ACCEPTED** and made the findings of fact and conclusions of law of this court.  For the reasons expressed therein, it is hereby **ORDERED** that the currency in the amount of $164,705 and the currency in the amount of $19,000 are hereby **FORFEITED** to the United States of America, and the $4,300 shall be returned to the claimant as not forfeitable.

It is so **ORDERED.**

Enter this 14th day of June 2013.

_____
ALETA A. TRAUGER
United States District Judge